UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD J. HILLS,<br><br>                    Plaintiff,<br><br>   v.<br><br>KING COUNTY, *et al.*,<br><br>                    Defendants. | Case No. C10-1906-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff moved to remand this matter. (Dkt. 10.) The Court requested additional briefing, granted plaintiff leave to amend his complaint, and directed plaintiff to file papers that would confirm *in forma pauperis* ("IFP") status in the event the complaint was served on his behalf. (Dkt. 13.) Plaintiff filed a reply on the same day (Dkt. 14) but has filed neither an amended complaint nor a confirmation of his IFP status. The Court recommends **DENYING** plaintiff's motion to remand and notes that plaintiff may file, along with or in lieu of any objections to this Report and Recommendation, an amended complaint and renewed motion to remand or a motion for voluntary dismissal.

**BACKGROUND**

Although the King County Prosecuting Attorney's Office received a copy of plaintiff's complaint in September 2010, plaintiff did not file that complaint in King County Superior Court

REPORT AND RECOMMENDATION- 1

until November 4, 2010. (Dkt. 12, at 1–2; Dkt. 12-1, at 1; Dkt. 12-2, at 1); *see Hills v. King County*, Case No. 10-2-38796-0 SEA (King County Super. Ct., opened Nov. 4, 2010), *docket available at* http://dw.courts.wa.gov/ (last accessed Feb. 23, 2011). On November 10, 2011, defendants entered a notice of appearance in state court. On November 22, 2011, defendants removed this matter to the Western District of Washington on the basis of federal-question jurisdiction because plaintiff sought relief under 42 U.S.C. § 1983 and 42 U.S.C. § 12132 of the Americans with Disabilities Act. (Dkt. 1; Dkt. 1-1.) The Court construed plaintiff's objections to be a motion to remand, requested additional briefing, granted leave to amend the complaint, and sought confirmation of IFP status in the event the Court was to serve the complaint on plaintiff's behalf. (Dkt. 13.) The Court noted that although plaintiff had filed an amended complaint in state court, no such amended complaint had been filed in the federal action. (Dkt. 13, at 1.) Since that time, the state court has granted defendants' motion to strike the amended complaint. *Hills v. King County*, Case No. 10-2-38796-0 SEA (King County Super. Ct., entry dated Feb. 14, 2011). Nonetheless, plaintiff still has not filed an amended complaint in federal court.

## DISCUSSION

Although federal district courts generally have ruled otherwise, the United States Courts of Appeals to have considered the question have held that a magistrate judge lacks the authority to enter an order on a motion to remand to state court for lack of subject matter jurisdiction because such a motion is dispositive and is functionally equivalent to a motion to dismiss. *See, e.g.*, *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001); *First Union Mortgage Corp. v. Smith*, 229 F.3d 996 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998); *cf. Nasca v. Peoplesoft*, 160

F.3d 578 (9th Cir. 1998) (dismissing appeals for lack of appellate jurisdiction because the magistrate judge lacked the authority, absent consent of the parties, to enter an order of remand to state court); *see generally* Peter J. Gallagher, *In Search of a Dispositive Answer on Whether Remand is Dispositive*, 5 SETON HALL CIR. REV. 303, 304 (Spring 2009) ("Nearly every district court has treated remand as nondispositive and thus within the scope of this authority, but all four circuit courts that have confronted the issue have deemed remand dispositive and thus beyond the scope of a magistrate's authority."). Out of an abundance of caution, the undersigned magistrate judge therefore makes a recommendation about plaintiff's motion to remand instead of entering an order.

Plaintiff argues (1) the state court had no jurisdiction over the matter at the time the notice of removal was filed, (2) the notice of removal was filed too late because defendants received the complaint prior to the state action being filed, and (3) alternatively, that the notice of removal was filed prematurely because plaintiff's amended complaint removes every basis for federal-question jurisdiction. (Dkt. 10, at 5–7; Dkt. 14, at 3–6.) These arguments all lack merit. First, the state court had jurisdiction over this matter upon the filing of the complaint, *see* RCW § 4.28.020, and defendants filed the notice of removal shortly thereafter. Although plaintiff notes that he never perfected state service of process, federal law provides that service of process can be completed after the case is removed. *See* 28 U.S.C. § 1448. Second, defendants' notice of removal was timely because it would have been impossible for defendants to file a notice of removal before plaintiff himself filed his complaint in state court. Third, the notice of removal cannot be considered "premature" based on an amended complaint that is not part of the record. The complaint before this Court is entitled, "Complaint for Damages Under 42 U.S.C. § 1983 and 42 U.S.C. § 12132." (Dkt. 1-1, at 2.) The Court has federal-question jurisdiction over a

1 complaint founded on the violation of federal statutes.

2     The Court recommends that plaintiff's motion to remand be **DENIED**. The Court notes that

3 if plaintiff intends to withdraw all bases for federal-question jurisdiction, nothing precludes him

4 from moving to voluntarily dismiss this matter or from filing an amended complaint and

5 renewing his motion to remand. Plaintiff should file any such papers along with, or in lieu of,

6 his objections to this Report and Recommendation.

7 **CONCLUSION**

8     The Court recommends **DENYING** plaintiff's motion to remand this matter to state court.

9 (Dkt. 10.) A proposed order is attached.

10     DATED this 24th day of February, 2011.

                                          /s/_____
                                          BRIAN A. TSUCHIDA
                                          United States Magistrate Judge

REPORT AND RECOMMENDATION- 4